IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

STEVEN TODD                                              PETITIONER
REG. #06011-025

V.                          NO.  2:06CV00142 JWC

LINDA SANDERS, Warden,                                  RESPONDENT
FCI, Forrest City, AR


**MEMORANDUM OPINION AND ORDER**

Steven Todd, an inmate in the Federal Prison Camp in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entries #1, #2) challenging the policy of the Bureau of Prisons (BOP) regarding when a federal prisoner is eligible for transfer to a community corrections center (CCC), which is now referred to as a residential reentry center (RRC).  Respondent has filed a response (docket entry #5). For the reasons that follow, the petition should be DISMISSED.[1]

Petitioner alleges that he is serving a thirty-eight-month sentence of imprisonment imposed in December 2003 by the United States District Court, Southern District of Illinois, for conspiracy to distribute cocaine.  He says that, upon arriving at the FPC-Forrest City in February 2004, he was informed that he would be allowed to serve only the last ten percent of his imprisonment term in RRC placement, instead of six months, pursuant to the BOP's February 2005 policy.  He says this categorical limitation, without regard to individual circumstances, has been invalidated by several recent cases in this District and others.  As relief, he asks the Court to order the BOP to consider him for six months of CCC placement without regard to the February 2005 rule.

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge (docket entry #6).

In Elwood v. Jeter, 386 F.3d 842, 845-47 (8th Cir. 2004), the Eighth Circuit Court of Appeals invalidated a December 2002 BOP policy limiting CCC/RRC designation to the last ten percent of an inmate's sentence, capped at six months.  The Court held that the BOP has the discretion to transfer an inmate to a CCC/RRC at any time, that it has a duty to formulate a pre-release plan for the last six months of an inmate's sentence to facilitate his reentry into the community, and that the plan may include CCC/RRC placement for any or all of that period.  See 18 U.S.C. § 3621(b) (BOP "may at any time ... direct the transfer of a prisoner from one penal or correctional facility to another"), § 3624(c) (BOP "shall, to the extent practicable, assure that a prisoner ... spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community").

In response to Elwood and other similar decisions, the BOP created the regulations challenged here, which became effective February 14, 2005.  These regulations provide that, as a "categorical exercise of discretion," the BOP will designate inmates for CCC/RRC placement "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months."  28 C.F.R. §§ 570.20, 570.21 (2005).  Recently, in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), the Eighth Circuit Court of Appeals declared this policy invalid as conflicting with 18 U.S.C. § 3621(b), which lays out certain factors that must be considered by the BOP in making inmate placement or transfer determinations.  See id. ("The Bureau may designate any available penal or correctional facility ... that the Bureau determines to be appropriate and suitable, considering –  (1) the resources of the facility contemplated; (2) the nature and

circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any [relevant] statement by the court that imposed the sentence ... ; and (5) any pertinent policy statements issued by the Sentencing Commission[.]").   Because § 3621(b) requires that discretion be exercised on an individual basis, the Eighth Circuit found that the February 2005 policy was invalid because it "removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences."  Fults, 442 F.3d at 1092; see also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244 (3d Cir. 2005) (BOP regulation is invalid because the BOP "may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations").

Here, Respondent argues that the petition should be dismissed as moot because, in response to Fults, the BOP modified its procedures for institutions within the Eighth Circuit.  Respondent states that Petitioner was recently evaluated for RRC placement, utilizing the BOP policy used prior to the December 2002 and February 2005 policies, as outlined in BOP Program Statement 7310.04.   This policy requires that a RRC recommendation be based on the § 3621(b) factors and correctional and population management interests, including the length of sentence, seriousness of current offense, criminal history, programming needs, availability of facilities and necessary health care, and public safety.

Respondent submits the declaration of James D. Crook, a BOP supervisory attorney, stating that Petitioner was evaluated for RRC placement pursuant to Program Statement 7310.04.  Mr. Crook attaches an e-mail, dated June 14, 2006, stating that Petitioner was re-evaluated and it was determined that he was eligible for 90 to 120 days

of RRC placement.  Also attached is a completed "RRC Needs Assessment" form, setting

forth a number of factors, with specific notations as to Petitioner, concluding with a 90 to

120 day recommended range.

Article III of the United States Constitution requires that a "case or controversy" exist

for standing to bring an action in federal court.  U.S. Const. art. III, § 2, cl. 1.  For a case

or controversy to exist, a plaintiff must suffer an "injury in fact" which is "fairly traceable" to

the challenged action of the defendant, and it is "likely, as opposed to merely speculative,"

that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife,

504 U.S. 555, 560-61 (1992).  A sufficient injury exists only when there is an invasion of

a legally-protected interest that is "concrete and particularized" and "actual or imminent."

Id. at 560.

Because Respondent did not apply and will not be applying either the December

2002 or February 2005 policies to Petitioner, Petitioner has not shown that he has suffered,

or will suffer, an injury which is fairly traceable to either of the invalidated policies and which

could be redressed by a grant of federal habeas relief.  He has obtained the relief he

sought: consideration for RRC placement without regard to the invalid February 2005 rule

categorically limiting placement to the last ten percent of his sentence.  Petitioner's

challenge to the February 2005 policy is, therefore, moot.

Furthermore, nothing in Elwood, Fults or the applicable statutes entitles any prisoner

to six months of placement in a RRC.  See Woodall, 432 F.3d at 251 ("[T]hat the BOP may

assign a prisoner to a [RRC] does not mean that it must.");  Elwood, 386 F.3d at 847 ("We

emphasize ... that 18 U.S.C. § 3624(c) does not require placement in a [RRC].").  Under

Elwood, the BOP is simply required to formulate a plan of pre-release conditions, which

4

*may* include RRC placement, and to place an inmate in pre-release conditions, which *may* include a RRC, for "a reasonable part of the last ten percent of [his] term;" however, neither of these obligations extends beyond the last six months of the prisoner's sentence.  Id. Fults further defines the BOP's duty during that six-month period, requiring the BOP to consider RRC placement in good faith utilizing the statutory factors, without categorically limiting the possibility of RRC placement to the last ten percent of an inmate's sentence. Nothing in the decisions mandates that the BOP designate any inmate for RRC placement at any time, much less for the full six-month period.

Accordingly, this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #1) is DISMISSED in its entirety with prejudice.

IT IS SO ORDERED this 10th day of July, 2006.


_____
UNITED STATES MAGISTRATE JUDGE